BROWN, Judge,
concurring.
The majority observes that the court did not have independent knowledge of the condition of Father's home at the time of M.S.'s placement, noting that the inspection was not conducted until after M.S. began living with Father in Washington, and states that "[a] more cautious approach would be preferable when placing a child out-of-state in this seenario." Op. at 1041. Although I concur with the majority, *1042 I write separately to note that not only do I agree it would have been prudent to perform the home inspection prior to placing M.S., but I am also concerned about the subsequent lack of supervision provided by the trial court prior to dismissing the CHINS proceedings. M.S. was placed with Father on March 4, 2013 at the initial detention hearing and allowed to go with Father to Washington. On April 4, 2013, the court entered a dispositional decree regarding Father which ordered him to perform a number of actions including contacting the family case manager weekly, notifying the family case manager of any household or employment changes and any arrest of any household member, enrolling in programs if recommended by the family case manager, keeping all appointments with any service providers, signing any releases necessary for the family case manager to monitor compliance with the terms of the court's order, maintaining suitable, safe, and stable housing, refraining from consuming or selling any controlled substances, obeying the law, submitting to random drug/alcohol screens, meeting all the medical and mental health needs of M.S. in a timely and complete manner, providing M.S. with a safe, secure, and nurturing environment and being an effective caregiver with the necessary skills, knowledge, and abilities to provide M.S. with this type of environment on a long term basis, ensuring that M.S. will become engaged in a home-based counseling program, and seeing that M.S. is properly fed, supervised, and enrolled in and attending school, The decree awarded DCS wardship of M.S. with the responsibility for supervision, care, and placement. The decree also scheduled a periodic case review hearing for June 27, 2013. On April 17, 2018, the CFSF in Washington conducted an inspection of Father's home, and on April 23, 2013, less than a week after the inspection, DCS filed its motion The court granted the motion the next day. to dismiss the CHINS proceedings.
Ind.Code § 31-34-21-11 provides that "[wlhen the juvenile court finds that the objectives of the dispositional decree have been met, the court shall discharge the child and the child's parent, guardian, or custodian." Clearly the statute contemplates achievement of the requirements of the dispositional decree. Here, in the short span of nineteen days between the entry of the decree and the filing of the motion to dismiss by DCS, there was no time to have the scheduled case review hearing and no showing whatsoever of Father's compliance with any of the terms of the decree.
Ind. Trial Rule 41(A)(2) allows for voluntary dismissals by order of the court and provides in part that "[elxeept as provided in subsection (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." (Emphasis added).
Mother testified at the February 28, 2013 hearing that she was "floored" to see and speak to Father because she had not "seen him in almost four and a half years," he "has been an absent ... parent," and he was "a stranger" to M.S. Transcript at 65. Father did not dispute this. Father also indicated that although he had another child who was eight years old at the time of the hearing, he had not seen that child in about seven years. Further, Father indicated to the CFSF at the inspection of his Washington apartment that he was intending to move to San Diego "soon" and would be establishing a new residence there. Appellant's Appendix at 28. Under such cireumstances, despite the motion by DCS to dismiss the CHINS petition, I believe that M.S. would have been better served had the court denied the motion *1043 and ordered that DCS continue with services for a period of time to monitor Father's parenting and compliance with the terms of the decree.